**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONALD CONWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 10062 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Ruben Castillo |
| COMMANDER J.K. JOHNSEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

NOW COME Defendants, Officer Smith, Officer Romero, Officer Chapman, Officer Perez, Officer Olavarria, Officer Tiscareno, Officer Baker, Officer Jefferson, Sgt. Wiggins, Lt. Bowens, Commander Johnson and Officer Malloy (Defendants), by their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Anthony E. Zecchin, and respectfully move this Honorable Court to stay these proceedings pursuant to *Younger v. Harris* pending completion of Plaintiff Donald Conwell's (Plaintiff) criminal charges premised on the March 12, 2012 incident that is part of Plaintiff's complaint. In support thereof, Defendants state the following:

1. Plaintiff is currently a detainee Cook County Jail (CCJ) and has filed a lawsuit pursuant to 42 U.S.C. § 1983 claims against Officer Olavarria, Officer Tiscareno, Officer Baker, Officer Jefferson alleging that they used excessive force against him on March 12, 2012. Plaintiff has also alleged that Officer Perez failed to intervene during the alleged use of excessive force.

2. As a result of the same incident, Plaintiff was charged with the felony offense of aggravated battery to Officers Tiscareno and Baker. That case is currently pending in the Circuit

Court of Cook County before Judge Carol Howard under *People v. Donald Conwell*, case number 12 CR 08509. That case is set for trial on April 24, 2014.

3. Plaintiff's claims in this federal civil rights lawsuit purport to raise constitutional issues based on events and allegations that are also involved in Plaintiff's underlying state court criminal prosecution and involve the same individuals. *See* Pl. consolidated amended complaint (Pl. compl.), Dkt. No. 12, paragraphs 36-49 and Counts I, II, IV-VI. Thus, under *Younger v. Harris*, 401 U.S. 37 (1971), Plaintiff's federal civil rights claims should be stayed pending the disposition of the underlying state criminal prosecution. *See Simpson v. Rowan*, 73 F.3d 134, 138–39 (7th Cir. 1995)(finding that *Younger* abstention applies to § 1983 damages claim in federal court pending the outcome of state court criminal proceedings).

4. Plaintiff's underlying criminal prosecution and his constitutional claims against the Defendants before this Court involve the same March 12, 2012 incident and the same parties, either as victims or witnesses. As a result, some of the same material issues would be raised in both proceedings. In this case, "[d]isposition of one action necessarily involves issues which would be raised in the other,]" and, thus, "[t]he policy against federal interference with pending state criminal proceedings would be violated if this civil suit proceeded while the state case remained pending." *Mitts v. Marszewski*, 1998 U.S. Dist. LEXIS 495, *3 (N.D. Ill. 1998)(Marovich, J.)(applying *Younger* abstention to stay proceedings on § 1983 claims in federal court where plaintiff alleged that correctional officers used excessive force against him while, at the same time, plaintiff was being prosecuted in state court for aggravated battery of the same officers based on the same incident).

5. Disposition of Plaintiff's claims in this case would necessarily involve issues that will be raised in his pending state criminal prosecution in case number 12 CR 08509 and several

factors support a stay of this case pending the resolution of Plaintiff's criminal matter: the criminal and civil matters involve substantially the same subject; the criminal case should proceed unhindered by the burden and possible prejudicial effects to both sides of civil discovery; that Plaintiff may, if subjected to civil discovery, be forced to choose between the invocation of his Fifth Amendment privilege and a possible negative inference affecting his civil case; and that the government's criminal case may be prejudiced by the Plaintiff's ability to utilize civil discovery to "ferret out the particulars of the prosecuting authorities' case against" him. *See Chagolla v. City of Chicago*, 529 F.Supp.2d 941, 946-47 (N.D.Ill. 2008)(Kennelly, J.).

WHEREFORE, Defendants respectfully moves this Court to enter an order pursuant to *Younger v. Harris* staying proceedings in this case pending the disposition of the underlying state criminal proceedings against Plaintiff in the matter of *People v. David Conwell*, 12 CR 08509.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By: *_/s/Anthony E. Zecchin_*
Anthony E. Zecchin
Assistant States Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-3373