UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONALD CONWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COOK COUNTY, *et al.*, )<br>)<br>Defendants. ) | No. 12 C 10062<br><br>Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Plaintiff Donald Conwell brings this action against Cook County and a host of defendants located at the Cook County Jail (the "Jail") alleging violations of 42 U.S.C. § 1983. (R. 60, Second Am. Compl.) Presently before the Court is Cook County's motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 70, Cook Cnty.'s Mot. to Dismiss.) Also before the Court is Defendants Commander Hudik, Officer Eppes-Davis, Officer Conley, Officer Rooney, Lieutenant Martinez, Officer Ervin, Nurse Toney, Sergeant Johnson, Officer Johnson, Officer Begley, Officer Bailey, Sergeant Kolnicki, and Officer Koch's (collectively, the "Defendant Officers") motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). (R. 72, Defs.' Mot. to Dismiss.) For the reasons stated below, the Court grants in part and denies in part Cook County's motion to dismiss and denies the Defendant Officers' motion to dismiss.

## BACKGROUND

The Court assumes familiarity with the facts of this case as outlined in its October 14, 2014 Memorandum Opinion and Order. *See Conwell v. Cook Cnty.*, No. 12 C 10062, 2014 WL

5293403, at *1-*3 (N.D. Ill. Oct. 14, 2014). The facts are repeated here only as they pertain to the Court's decision on whether to grant the instant motions to dismiss.

Plaintiff originally brought this action *pro se* on December 18, 2012. (R. 1, Compl.) Plaintiff requested that counsel be appointed, and the Court granted his request. (R. 4, Pl.'s Mot. for Counsel; R. 5, Min. Entry.) Counsel later sought to withdraw, and the Court granted his motion and appointed a second counsel to represent Plaintiff. (R. 8, Min. Entry.) Plaintiff's new counsel subsequently filed a consolidated amended complaint,[1] naming twelve defendants located at the Jail as well as four John Does. (R. 12, Consolidated Am. Compl.) After an answer was filed and various other proceedings occurred, Plaintiff's new counsel sought to withdraw. (R. 46, Mot. to Withdraw.) The Court granted counsel leave to withdraw, and ordered Plaintiff to file an amended complaint if he wanted to proceed with this action. (R. 49, Order.) On September 10, 2014, Plaintiff filed a second amended complaint. (R. 60, Second Am. Compl.)

In his 36-page complaint, Plaintiff alleges that he was subjected to a campaign of harassment by staff at the Jail during 2012 and 2013. (*Id.*) He names as defendants 37 individual employees of the Jail in their individual and official capacities, as well as Cook County and four John Does.[2] (*Id.*) In his complaint, Plaintiff alleges that guards beat him during

---

[1] The consolidated complaint encompassed Plaintiff's claims in this case, as well as in *Conwell v. County of Cook, et al.*, No 12 C 10063 (N.D. Ill. filed Dec. 18, 2012), and *Conwell v. County of Cook, et al.*, No 13 C 355 (N.D. Ill. filed Jan. 16, 2013). (*See* R. 8, Min. Entry.)

[2] The defendants listed in the second amended complaint include: Cook County, Sheriff Thomas Dart, Director Miller (first name unknown), Superintendent Reyes (first name unknown), Superintendent Brown (first name unknown), Commander J.K. Johnsen, Commander Hudik (first name unknown), Lieutenant N. Bowens, Lieutenant Martinez (first name unknown), Sergeant Darnice Wiggins, Sergeant Johnson (first name unknown), Sergeant Kolnicki (first name unknown), Sergeant Cruz (first name unknown), Sergeant Mcgee (first name unknown), Officer R. Smith, Officer Jennifer Jefferson, Officer William Baker, Officer Jose Tiscareno, Officer M. Olavarria, Officer Ramonita Perez, Officer R. Romero, Officer Jimmy Chapman,

a period of incarceration at the Jail in 2007. (*Id.* at 9.) As a result of the beating, he is now in a wheelchair and has impairments to his hands and eye. (*Id.*) Plaintiff alleges that he filed a lawsuit pertaining to this beating, but the suit was dismissed for lack of prosecution. (*Id.*) Plaintiff alleges that his previous lawsuit and other grievances filed during incarceration led to the Jail staff developing an "animosity" towards him. (*Id.*) Because of this animosity, Plaintiff alleges that numerous Jail staff purposefully allowed him to be attacked by other inmates, subjected him to incidents of excessive force, and exposed him to substandard conditions of confinement. (*Id.* at 9-35.) Plaintiff's second amended complaint outlines numerous incidents in support of his claims. (*Id.*)

After reviewing Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915A, this Court issued a Memorandum Opinion and Order. *See Conwell*, 2014 WL 5293403. This Court identified seven claims in Plaintiff's complaint as follows: (1) Plaintiff alleges a failure to protect claim against Lieutenant Bowen, Sergeant Kolnicki, Officer Smith, Officer Begley, Officer Koch, Officer Bailey, and Officers John Doe #1-3; (2) he alleges an excessive force claim against Sergeant Wiggins, Officer Baker, Officer Tiscareno, Officer Olavarria, Officer Perez, Officer Chapman, Officer Malloy, Officer Romero, and Officer John Doe #4; (3) he alleges a conditions-of-confinement claim against Commander Hudik, Officer Koch, and Officer Begley; (4) he alleges a denial of medical care claim against Lieutenant Martinez, Officer Chapman, Officer Malloy, Sergeant Wiggins, Officer Romero, Officers John Doe #2-4, Officer

---

Officer John Malloy, Officer Conley (first name unknown), Officer Eppes-Davis (first name unknown), Officer Rooney (first name unknown), Officer Ervin (first name unknown), Officer Johnson (first name unknown), Officer Begley (first name unknown), Officer Koch (first name unknown), Officer Bailey (first name unknown), Officer Ortell (first name unknown), Officer John Does #1-4, Nurse Ayesha Toney, Dr. Ting (first name unknown), Dr. Yu (first name unknown), Board Member Terence Coughlan, Assistant Executive Director Daniel Moreci, and Superintendent Bratlien.

Conley, Officer Johnson, Officer Ervin, Officer Eppes-Davis, Nurse Toney, Dr. Yu, and Dr. Ting; (5) he alleges a First Amendment claim against Commander Hudik, Lieutenant Bowen, Officer Koch, Officer Begley, Officer Smith, Officer Bailey, Officer Baker, Officer Tiscareno, Officer Perez, Officer Chapman, Officer Malloy, Sergeant Wiggins, Officer Romero, and Officers John Doe #1-4; (6) he alleges generally on behalf of a "class" of other inmates that his due process rights were violated in connection with disciplinary hearings conducted at the Jail; and (7) he alleges a claim against Cook County under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Conwell*, 2014 WL 5293403, at *3-*8.

The Court allowed all of Plaintiff's claims to proceed except his due process claim. *Id.* at *6-*7. Although this Court's Opinion did not specifically mention Board Member Coughlan and Commander Johnsen, the only allegations Plaintiff advances against them are due process claims; these defendants were thus dismissed from the lawsuit in their individual capacities. (R. 60, Second Am. Compl. at 31-32.) The Court also dismissed the claims against high-ranking Jail officials: Cook County Sheriff Dart; Jail Director Miller; Jail Superintendents Reyes, Brown, and Bratlien; and Jail Assistant Executive Director Moreci. *Conwell*, 2014 WL 5293403, at *7. The Court notes that it did not specifically mention if these high-ranking individuals were dismissed in their individual capacities, official capacities, or both; the Court clarifies that they were dismissed in their individual capacities.[3] Additionally, the Court dismissed the denial of medical care claims against Dr. Ting and Dr. Yu. *Id.* at *6. Finally, the Court clarifies that although its

---

[3] As the Court will explain below, an official capacity claim against Sheriff Dart (and the other high-ranking Jail officials) is in essence a claim against the Cook County Sherriff's Office. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011); *Moss v. Singleton*, No. 14 C 6424, ---F. Supp. 3d---, 2015 WL 3818718, *2 (N.D. Ill. June 18, 2015). Because all of Plaintiff's official capacity claims are essentially the same claim, the only individual that needs to remain in this lawsuit in his official capacity is Sheriff Dart.

4

Opinion did not specifically mention Sergeant Johnson, Officer Rooney, and Officer Jefferson, Plaintiff's complaint can plausibly be read to allege excessive force claims against them, and thus these individuals remain parties in the lawsuit. (R. 60, Second Am. Compl. at 13, 18-20.) Further, although the Court's Opinion did not specifically mention Sergeant Cruz, Sergeant Mcgee, or Officer Ortell, Plaintiff's complaint can plausibly be read to allege failure to protect claims against them, and thus these individuals also remain parties in the lawsuit. (*Id.* at 27-28.) In addition, Plaintiff's complaint can plausibly be read to allege denial of medical care claims against Sergeant Johnson and Sergeant Cruz, and a conditions-of-confinement claim against Officer Jefferson. (*Id.* at 12-13, 20, 28.) Accordingly, the remaining defendants in this lawsuit include Cook County, 27 named individuals in their individual capacities, Sheriff Dart in his official capacity, and four John Does.[4]

In its Opinion, this Court assigned a third counsel, James T. Newman, to Plaintiff's case. *Conwell*, 2014 WL 5293403, at *8. The Court permitted counsel to submit an amended complaint within 60 days from October 14, 2014. *Id.* Counsel has not filed an amended complaint, and thus Plaintiff's September 10, 2014 *pro se* second amended complaint remains before this Court. (*See* R. 60, Second Am. Compl.)

On April 21, 2015, Cook County moved to dismiss Plaintiff's second amended complaint for failure to state a claim pursuant to Rule 12(b)(6). (R. 70, Cook Cnty.'s Mot. to Dismiss.)

---

[4] The defendants that remain include: Cook County, Commander Hudik, Lieutenant Bowens, Lieutenant Martinez, Sergeant Wiggins, Sergeant Kolnicki, Sergeant Cruz, Sergeant Mcgee, Sergeant Johnson, Officer Smith, Officer Jefferson, Officer Baker, Officer Tiscareno, Officer Olavarria, Officer Perez, Officer Romero, Officer Chapman, Officer Malloy, Officer Conley, Officer Eppes-Davis, Officer Rooney, Officer Ervin, Officer Johnson, Officer Begley, Officer Koch, Officer Bailey, Officer Ortell, Nurse Toney, Officers John Doe #1-4, and Sheriff Dart in his official capacity.

5

Plaintiff responded to Cook County's motion on May 11, 2015, (R. 76, Pl.'s Resp. to Cook Cnty.), and Cook County replied on May 27, 2015, (R. 78, Cook Cnty.'s Reply). Also on April 21, 2015, the thirteen Defendant Officers moved to dismiss the second amended complaint for insufficient service of process pursuant to Rule 12(b)(5). (R. 72, Defs.' Mot. to Dismiss.) Plaintiff responded to the Defendant Officers' motion on May 7, 2015, (R. 82, Pl.'s Resp. to Defs.), and the Defendant Officers replied on June 8, 2015, (R. 84, Defs.' Reply).[5]

## DISCUSSION

### I. Cook County's Motion to Dismiss Pursuant to Rule 12(b)(6)

#### A. Legal Standard

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). When reviewing a Rule 12(b)(6) motion to dismiss, the Court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in the non-movant's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Id.* (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Detailed factual allegations" are not required, but the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at

---

[5] Plaintiff responded to the Defendant Officers' motion on May 7, 2015, but due to an uploading error, the response did not appear on the docket until June 3, 2015. Despite this error, the Court will consider Plaintiff's response as timely filed.

570). Plausibility in this context does not imply that a court "should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Rather, to survive a motion to dismiss under Rule 12(b)(6), "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Id.*

**B.     Analysis**

Cook County argues that Plaintiff has failed to state a claim against it and moves to be dismissed under Rule 12(b)(6). (R. 70, Cook Cnty.'s Mot. to Dismiss at 2-4.) First, Cook County contends that Sheriff Dart and his correctional staff are not county employees, and thus Cook County cannot be held vicariously liable for their alleged misconduct. (*Id.* at 3.) The Illinois Supreme Court has explained that because the sheriff is an independently elected county officer and the county has "no authority to control the office of the sheriff," the sheriff is not in an employment relationship with the county. *Moy v. Cnty. of Cook*, 640 N.E.2d 926, 929 (Ill. 1994); *see also Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 636 (7th Cir. 2010) ("Illinois law establishes that the Sheriff is an independently elected county officer and is not an employee of the county in which the sheriff serves." (citation and quotation marks omitted)); *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 305 n.4 (7th Cir. 2010) ("the Sheriff is an independently-elected officer who is accountable only to the people, rather than the County board" (citation omitted)). Thus, Cook County is correct that it cannot be held vicariously liable for actions taken by the Sheriff or his correctional staff. *See Moy*, 640 N.E.2d at 931 (finding that because the sheriff, as a county officer, "is not in an employment relationship with Cook County," the county could "not be held vicariously liable for the sheriff's alleged negligent conduct"); *Riley v. Cnty.*

of Cook, 682 F. Supp. 2d 856, 860 (N.D. Ill. 2010) ("Since the County cannot control the actions taken by Dart's office, it cannot be charged with vicarious liability." (citation omitted)).

While Plaintiff concedes that the Sheriff and his deputies are not Cook County employees, he nevertheless argues that Cook County can be held directly liable for their alleged misconduct under *Monell*. (R. 76, Pl.'s Resp. to Cook Cnty. at 5-6.) To state a section 1983 claim against a municipal entity under *Monell*, the plaintiff must allege that he suffered an injury caused by the municipality's official policies or customs. *Monell*, 436 U.S. at 694. A plaintiff can demonstrate an official policy or custom in three ways: (1) by establishing the existence of an express policy that causes a constitutional deprivation when enforced; (2) by establishing the existence of a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) by showing that the constitutional injury was caused by a person with final policymaking authority. *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) (citation omitted).

Cook County argues that it cannot be held directly liable under *Monell* because Plaintiff has not alleged that any unconstitutional policy or practice of the county caused his injuries. (R. 78, Cook Cnty.'s Reply at 1-2.) Plaintiff counters that he has alleged that an unofficial custom or practice at the Jail caused him a deprivation of his constitutional rights. (R. 76, Pl.'s Resp. to Cook Cnty. at 3.) Specifically, he contends that he has alleged that there was a "widespread practice among officers and sheriffs, amounting to acts that present official policy, that have caused him injury and harm." (*Id.* at 4.)

Under Illinois law, it is the sheriff who is exclusively charged with the "custody and care" of the county jail. 55 Ill. Comp. Stat. 5/3-6017; *see also Moy*, 640 N.E.2d at 929 (discussing specific duties of the sheriff with respect to operating a county jail and explaining

8

that the sheriff's duties "are independent of and unalterable by any governing body"). Thus, it falls within the purview of the Sheriff's Office, not Cook County, to implement the policies and procedures within the Jail. *See DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 976 (7th Cir. 2000) ("Illinois sheriffs have final policymaking authority over jail operations."); *Ryan v. Cnty. of DuPage*, 45 F.3d 1090, 1092 (7th Cir. 1995) ("Illinois sheriffs are independently elected officials not subject to the control of the county."); *Riley*, 682 F. Supp. 2d at 860. Cook County therefore cannot be held liable under *Monell* because the county lacks the authority to establish and implement any policies regarding the training or performance by the employees of the Sheriff's Office. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) (affirming dismissal of *Monell* claim against Cook County because the county had "no authority to train the employees involved or to set the policies under which they operate" at the Jail); *Taylor v. Cook Cnty. Sheriff's Office*, No. 13-cv-01856, 2015 WL 1428920, at *2 (N.D. Ill. Mar. 26, 2015) (dismissing substantive claims against Cook County for actions of the Sheriff and his employees); *Dandridge v. Cook Cnty.*, No. 12-cv-5458, 2013 WL 3421834, at *10 (N.D. Ill. July 8, 2013) (dismissing *Monell* claim against Cook County because the county lacks the authority to establish any policies at the Jail); *Otero v. Dart*, No. 12 C 3148, 2012 WL 5077727, at *6 (N.D. Ill. Oct.18, 2012) (same); *Riley*, 682 F. Supp. 2d at 860 (same). Accordingly, to the extent that Plaintiff alleges substantive claims against Cook County, those claims are dismissed under Rule 12(b)(6).

However, this does not mean that Cook County is entirely dismissed from the lawsuit. Under Illinois law, the county must indemnify the sheriff's office for official capacity claims. *Carver v. Sheriff of LaSalle Cnty.*, 787 N.E.2d 127, 129 (Ill. 2003). The Illinois Supreme Court, in response to a certified question from the Seventh Circuit on this issue, held that "[b]ecause the

office of the sheriff is funded by the county, the county is therefore required to pay a judgment entered against a sheriff's office in an official capacity." *Id.* The Seventh Circuit subsequently held that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." *Carver v. Sheriff of LaSalle Cnty.*, 324 F.3d 947, 948 (7th Cir. 2003) (*"Carver II"*); *see also Taylor*, 2015 WL 1428920, at *2 ("Cook County shall remain a party to this action for the sole purpose of satisfying its obligation under state law to indemnify the Sheriff's Office for any judgment against it."); *Jones v. Dart*, No. 12 C 9272, 2013 WL 4854368, at *5 (N.D. Ill. Sep. 11, 2013) (dismissing a *Monell* claim against Cook County but keeping the county as a party to the suit to indemnify the Sheriff's Office); *Dandridge*, 2013 WL 3421834, at *10 (same).

As the Court mentioned earlier, Plaintiff's claim against Sheriff Dart in his official capacity remains. "An official capacity suit is another way of pleading an action against an entity of which the officer is an agent." *Sow*, 636 F.3d at 300. Thus, an official capacity claim against Sheriff Dart is a claim against the Sherriff's Office. *See Moss*, 2015 WL 3818718, at *2; *Hudson v. Preckwinkle*, No. 13 C 8752, 2015 WL 1541787, at *5 (N.D. Ill. Mar. 31, 2015). Plaintiff alleges in his second amended complaint that there was a "widespread practice of failing to prevent the use of excessive force and summary punishment without due process of law" at the Jail and that there "existed an environment at the Cook County Department of Corrections"[6] that fostered "egregious misconduct" on the part of Jail officers. (R. 60, Pl.'s Second Am. Compl. at 34.) Plaintiff additionally details several incidents involving Jail officers to support

---

[6] The Cook County Department of Corrections is the division of the Cook County Sheriff's Office that operates the Jail. *Hudson*, 2015 WL 1541787, at *1.

these assertions. (*Id.* at 9-33.) The Court therefore finds that Plaintiff's complaint can plausibly be read to allege a *Monell* claim against the Sheriff's Office. *See Riley*, 682 F. Supp. 2d at 861 ("an official capacity claim can survive even with conclusory allegations that a policy or practice existed, so long as facts are pled that put the defendants on proper notice of the alleged wrongdoing" (citing *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000))). Consequently, as long as Plaintiff's official capacity claim against Sheriff Dart (i.e. his *Monell* claim against the Sheriff's Office) remains, the Court will not dismiss Cook County from this suit. *See Carver II*, 324 F.3d at 948.

Accordingly, Cook County's motion to dismiss is granted with respect to any substantive claims asserted against it. However, Cook County must remain a party for purposes of indemnification only.

## II. The Defendant Officers' Motion to Dismiss Pursuant to Rule 12(b)(5)

### A. Legal Standard

Rule 12(b)(5) provides for dismissal based on insufficient service of process. Fed. R. Civ. P. 12(b)(5). When a defendant challenges the sufficiency of service under Rule 12(b)(5), the burden is on the plaintiff to affirmatively demonstrate that proper service occurred. *Cardenas v. City of Chi.*, 646 F.3d 1001, 1005 (7th Cir. 2011); *Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 453 (7th Cir. 2000). Under Federal Rule of Civil Procedure 4(m), if a plaintiff does not serve a summons and complaint on a defendant "within 120 days after the filing of the complaint," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff fails to serve a defendant within the requisite 120 days, the court has two bases upon which it may rely to grant an extension of time. *See Coleman v. Milwaukee Bd. of*

*Sch. Dirs.*, 290 F.3d 932, 933-34 (7th Cir. 2002); *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 382-83 (7th Cir. 1998). First, the district court is required to extend the deadline for service if a plaintiff shows "good cause" for failing to serve a defendant. Fed. R. Civ. P. 4(m); *see also Coleman*, 290 F.3d at 933-34. Second, even if a plaintiff cannot establish good cause, the court has discretion to grant an extension. *Coleman*, 290 F.3d at 934 (citation omitted).

**B.     Analysis**

**1.     120-day requirement**

The Defendant Officers argue that they should be dismissed pursuant to Rule 12(b)(5) because they were not properly served under Rule 4(m). (R. 72, Defs.' Mot. to Dismiss at 3-7.) Specifically, the Defendant Officers contend that they were not served within 120 days of the Court's October 14, 2014 Opinion, and that they still have not been served to this day. (*Id.* at 4.)

Plaintiff filed his second amended complaint on September 10, 2014. (R. 60, Second Am. Compl.) Pursuant to 28 U.S.C. § 1915A, the Court screened Plaintiff's second amended complaint and issued an Opinion on October 14, 2014. *See Conwell*, 2014 WL 5293403. The Court's screening of Plaintiff's complaint tolled the 120-day period for service of process until at least October 14, 2014. *See Stewart v. Special Adm'r of Estate of Mesrobian*, 559 Fed. App'x 543, 547-48 (7th Cir. Mar. 13, 2014) (explaining that a prisoner's "complaint had to pass screening before any defendant could be served with process"); *Ford v. Johnson*, 362 F.3d 395, 398-99 (7th Cir. 2004). Further, the Court's Opinion permitted Plaintiff 60 days to file an amended complaint. *Conwell*, 2014 WL 5293403, at *8. Plaintiff failed to amend the complaint by the December 13, 2014 deadline. Whether the 120-day period for service of process began from the date of the Court's Opinion on October 14, 2014, or from the Court imposed deadline to file an optional amended complaint on December 13, 2014, is immaterial to this case because

Plaintiff acknowledges that service has not been effectuated on the Defendant Officers. (R. 82, Pl.'s Resp. to Defs. at 3). Accordingly, the Court finds that Plaintiff has failed to timely serve the Defendant Officers.

### 2. Good Cause

Plaintiff argues that although the 120-day deadline has passed, good cause exists for an extension of the time for service. (*Id.* at 2-3.) Specifically, Plaintiff contends that his counsel's recent appointment to the case on October 14, 2014, and the voluminous record warrants good cause for an extension. (*Id.* at 3.) The Defendant Officers counter that Plaintiff has not shown good cause for failing to effectuate service on them within the required time period. (R. 72, Defs.' Mot. to Dismiss. at 4-5.)

Rule 4(m) provides that if a "plaintiff shows good cause for the failure [to timely serve a defendant], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also Coleman*, 290 F.3d at 933-34. To show good cause, a plaintiff must provide "a valid reason for delay[.]" *Coleman*, 290 F.3d at 934 (7th Cir. 2002) (citation omitted). A valid reason may be found where the delay is attributable to something outside of the plaintiff's control. *See, e.g., id.* (valid reason exists where a defendant evades service); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) ("The Marshals Service's failure to complete service is automatically 'good cause' to extend time for service under Rule 4(m)." (citation omitted)); *Moore v. Salinas*, No. 14 C 2456, 2015 WL 739520, at *2 (N.D. Ill. Feb. 19, 2015). "[C]ounsel's inadvertent failure to serve a defendant within the statutory period does not constitute good cause." *Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988). Similarly, "half-hearted efforts to serve a defendant will not" constitute good cause. *Id.* (citation omitted). A plaintiff must show at least "reasonable diligence" in his efforts to serve the defendant for good

13

cause to be found. *Bachenki v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) (citation omitted); *see also Ramos v. Cnty. of Cook*, No. 14 C 186, 2015 WL 1586339, at *4 (N.D. Ill. Apr. 2, 2015) (citation omitted).

Plaintiff contends that counsel's recent appointment and the voluminous record of the case warrant a finding of good cause. (R. 82, Pl.'s Resp. to Defs. at 3.) However, as the Defendant Officers point out, Plaintiff's counsel's appointment occurred ten months ago on October 14, 2014. (R. 84, Defs.' Reply at 2.) Counsel claims that he has been "sorting through the voluminous records, grievances, paperwork, and work product created and accumulated" by Plaintiff's two previous attorneys and that "a simple review of these records is not enough to identify individuals for service, and further investigation and discovery is required and remains ongoing." (R. 82, Pl.'s Resp. to Defs. at 3.) Plaintiff's September 10, 2014 *pro se* complaint lists the individual defendants, so it is unclear to the Court why further investigation is necessary to identify these individuals for service. (R. 60, Second Am. Compl. at 4-8.) Additionally, the Court permitted counsel 60 days to file an amended complaint. *See Conwell*, 2014 WL 5293403, at *8. Counsel chose neither to amend the complaint nor seek any time extension to effectuate service on the named individuals. *See, e.g., Blackshear v. Messer*, No. 00 C 50320, 2003 WL 21508190, at *1 (N.D. Ill June 30, 2003) (granting an extension for 25 days based on good cause because plaintiff had asked for and received numerous extensions to effectuate service over two and a half years). Thus, counsel has not demonstrated to the Court that he has acted with reasonable diligence in his efforts to serve the Defendant Officers. Further, Plaintiff has not provided, and the Court was unable to find, any cases where a counsel's recent appointment or a voluminous record was sufficient to establish good cause. Because Plaintiff has not provided a

valid reason for his failure to serve the Defendant Officers, he has failed to demonstrate good cause for a time extension.

### 3. Discretionary Extension

In the absence of good cause, Plaintiff alternatively argues that the Court should use its discretion to grant an extension of time to effectuate service upon the Defendant Officers. (R. 82, Pl.'s Resp. to Defs. at 3-4.) Plaintiff contends that dismissal will be a serious detriment to his case, and that the Defendant Officers should already be on notice of the lawsuit based on their actions and the fact that many of the other defendants have already been served. (*Id.* at 4.) The Defendant Officers argue that there is no reason for the Court to exercise its discretion to allow additional time for service. (R. 72, Defs.' Mot. to Dismiss at 5-7.)

"[T]he case law allows the district court to extend the time for service even if there was no good cause for the plaintiff's missing the deadline." *Coleman*, 290 F.3d at 934 (collecting cases). In determining whether to grant a discretionary extension, a court "should consider the relative hardships of the parties[.]" *Cardenas*, 646 F.3d at 1006. Some factors a court may consider in its decision include: (1) whether the expiration of a statute of limitations during the pending action would prevent refiling; (2) whether the defendant evaded service; (3) whether the defendant's ability to defend would be prejudiced by an extension; (4) whether the defendant had actual notice of the lawsuit; (5) whether the defendant was eventually served; (6) whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and (7) whether the plaintiff diligently pursued service during the allotted time. *Id.* at 1006-07; *see also Landlock Natural Paving, Inc. v. Desin, L.P.*, 12 C 2893, 2015 WL 753828, at *2 (N.D. Ill. Feb. 20, 2015). "[E]ven if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiff[] accountable for [his] actions—or, more

accurately, inaction—by dismissing the case." *Cardenas*, 646 F.3d at 1007 (citing *Coleman*, 290 F.3d at 934).

Some factors weigh in favor of the Defendant Officers. The Defendant Officers did not evade service. (R. 72, Defs.' Mot. to Dismiss at 6.) They also still have yet to be served. (*Id.*) Plaintiff argues that the Defendant Officers should have had notice of the lawsuit based on their actions and the service of the other defendants. (R. 82, Pl.'s Resp. to Defs. at 4.) However, there was no actual notice given to the Defendant Officers as they have not been served. Further, the Defendant Officers were not parties to the amended complaint that was filed by Plaintiff's former counsel and served on the other defendants; the Defendant Officers and the allegations against them were added afterward in Plaintiff's *pro se* second amended complaint. (R. 72, Defs.' Mot. to Dismiss at 6.) Thus, Plaintiff's argument that the Defendant Officers should be on notice of the lawsuit because other defendants were served is not entirely convincing. Finally, as discussed above, Plaintiff never requested an extension due to difficulties in perfecting service, and Plaintiff has not demonstrated that he diligently pursued service during the 120-day period.

However, other factors weigh in favor of Plaintiff. Both parties acknowledge that the expiration of the statute of limitations would prevent the refilling of another suit against the Defendant Officers. (R. 82, Pl.'s Resp. to Defs. at 4; R. 84, Defs.' Reply at 3.) "The running of the statute of limitations does not require that a district court extend the time for service of process[.]" *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996). Nevertheless, when a statute of limitations would bar a complaint, "it is incumbent upon the district court to fully consider this factor." *Id.* The Defendant Officers argue that the running of the statute of limitations is not due to their conduct, and that even if they are dismissed, there are still many other defendants that remain in this lawsuit. (R. 84, Defs.' Reply at 3.) However,

despite what the Defendant Officers believe, dismissing thirteen individual defendants is not inconsequential; dismissing one defendant, let alone thirteen, impacts Plaintiff's ability to vindicate his alleged constitutional violations and recover damages. Thus, the Court finds that dismissing the Defendant Officers would be severely prejudicial to Plaintiff's case. *See Moore*, 2015 WL 739520, at *3 (granting a discretionary extension based solely on the fact that the statute of limitations would bar plaintiffs' claims).

Additionally, while the prejudice to Plaintiff is significant, the prejudice to the Defendant Officers is minimal. The Defendant Officers argue that the passage of over three years since some of the alleged events occurred would prejudice them from asserting a defense. (R. 72, Defs.' Mot. to Dismiss at 6.) However, even if Plaintiff effectuated service within 120 days from the Court's Opinion on October 14, 2014, the Defendant Officers would have been served by February 11, 2015. The Defendant Officers offer no reason why the passage of an additional six months from February 11, 2015, to the present is particularly prejudicial to them. The Court does not find that the Defendant Officers' ability to defend themselves will be unduly prejudiced by an extension of the time for service.

After considering and weighing the relevant factors, the Court concludes that the balance of hardships tips in Plaintiff's favor. *See Stanley v. Martin*, No. 12 C 4670, 2013 WL 331267, at *3-*4 (N.D. Ill. Jan. 29, 2013) (granting a discretionary extension where the statute of limitations had run on plaintiff's claims and defendant's ability to defend the claims would not be prejudiced by allowing an extension). While the Court does not condone Plaintiff's lack of diligence in attempting to serve the Defendant Officers within the required statutory period, the Court nevertheless will grant Plaintiff a final discretionary extension of 30 days to properly serve the Defendant Officers. Accordingly, the Defendant Officers' motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, Cook County's motion to dismiss (R. 70) is GRANTED in part and DENIED in part. All substantive claims against Cook County are dismissed, however, Cook County shall remain a defendant in this lawsuit for purposes of indemnification only. The Defendant Officers' motion to dismiss (R. 72) is DENIED. The Court grants Plaintiff 30 days to properly serve the Defendant Officers.

For the sake of clarity, the Court strongly encourages Plaintiff to submit an amended complaint that is consistent with this Court's decision. If Plaintiff choses to exercise this option, he shall submit an amended complaint and the documents needed for service of process by August 26, 2015.

The parties are directed to exhaust all settlement possibilities prior to the next status date, which will be held on September 10, 2015, at 9:45 a.m.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

**Dated: August 18, 2015**