IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD CONWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 10062 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Ruben Castillo |
| COMMANDER J.K. JOHNSEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' LOCAL RULE 56.1(a) STATEMENT OF**
**MATERIAL FACTS AND SUPPORTING EXHIBITS**

Defendants Cook County, Nathan Bowens, Rommel Romero, John Malloy, Richard Smith, William Baker, David Hudik, Regina Eppes-Davis, William Rooney, Martinez, Carol Begley, Ronald Kolnicki, Darnice Wiggins, Jimmy Chapman, Jennifer Jefferson, Jose Tiscareno, Miguel Olavarria, and Ramonita Perez ("Defendants"), by their attorney, Anita Alvarez, Cook County State's Attorney, through her Assistants, Megan K. McGrath and David Lee Bonner, and pursuant to Rule 56.1(a) of the Rules of the Northern District of Illinois, file this statement of facts in support of their Motion for Summary Judgment against Plaintiff Donald Conwell ("Plaintiff").

**LIST OF EXHIBITS**

| | |
|---|---|
| Exhibit A | Plaintiff's Third Amended Complaint |
| Exhibit B | Plaintiff's Deposition |
| Exhibit C | Grand Jury Indictment |
| Exhibit D | Certified Statement of Conviction |
| Exhibit E | Defendant Romero's Deposition |
| Exhibit F | Defendant Begley's Deposition |
| Exhibit G | Defendant Malloy's Deposition |
| Exhibit H | Defendant Hudik's Deposition |
| Exhibit I | Plaintiff's March 15, 2012 Grievance No. 2012-4427 |

1. On August 26, 2015, Plaintiff filed his third amended complaint pursuant to 42 U.S.C. §1983 alleging Defendants violated his constitutional rights in seven separate incidents while in Cook County Jail ("CCJ") from February 2012 to October 2013. Ex. A, generally.

2. Plaintiff alleges that on February 6, 2012, Defendants Bowens and Smith failed to protect him from inmate Brooks who assaulted him. Ex. A, ¶¶ 46, 49.

3. At his deposition, Plaintiff testified that he had no prior problems with inmate Brooks before February 6, 2012. Ex. B, Conwell Dep. Tr. 43: 22-24.

4. Plaintiff stated, "I was shocked." Ex. B, Conwell Dep. Tr. 43: 22-24.

5. Plaintiff entered inmate Brooks' cell to talk with Brooks' cellmate prior to the altercation and was allegedly attacked on his way out of the cell. Ex. B, Conwell Dep. Tr. 44: 13-18.

6. Plaintiff alleges that on March 12, 2012, Defendants Baker, Tiscareno, Olvarria, and Jefferson used excessive force against him and Defendant Perez failed to intervene. Ex. A, ¶¶ 58, 59, 60, 61, and 62.

7. Plaintiff was charged with aggravated battery to a peace officer under 720 ILCS 5/12-3.05(d)(4) for his actions in the March 12, 2012 incident. Ex. B, Conwell Dep. Tr. 107:12; Ex. C, Grand Jury Indictment, pg. 1-3.

8. On April 29, 2014, Plaintiff was convicted of aggravated battery to a peace officer.

9. At his deposition, Plaintiff admitted that he was found guilty of aggravated battery to Defendant Baker. Ex. B, Conwell Dep. Tr. 108: 6-8.

10. Plaintiff served a prison sentence in the Illinois Department of Corrections, and the aggravated battery conviction remains valid. Ex. B, Conwell Dep. Tr. 108: 9-14.

11. Plaintiff alleges that on October 25, 2012, detainee Kevin Dawson stabbed him with a metal knife and Defendants Romero, Chapman, and Malloy failed to protect him; and Defendants Wiggins and Bowens failed supervise these officers. Ex. A, ¶¶ 70, 73, 75, 82, 84, and 85.

12. Plaintiff alleges that after the October 25, 2012 incident Defendants Chapman, Malloy, Wiggins, and Bowens did not seek medical attention for his injury. Ex. A, ¶¶ 84, 85.

13. At his deposition, Plaintiff did not testify that Defendant Wiggins or Bowens were present for the October 25, 2012 incident. Ex. B, Conwell Dep. Tr. 79: 4-5.

14. Plaintiff had no conversation with Defendant Bowens about Dawson threatening him. Ex. B, Conwell Dep. Tr. 52: 8-10.

15. On October 25, 2012, Defendant Romero escorted Plaintiff to the staging area to be transported to court. Ex. E, Romero Dep. Tr. 12: 12-19.

16. Defendant Romero dropped Plaintiff at the staging area, and the staging area officers took custody of him. Ex. E, Romero Dep. Tr. 13: 16-21.

17. Defendant Romero did not escort any other inmate to the staging area. Ex. E, Romero Dep. Tr. 14:10.

18. When Defendant Romero dropped Plaintiff off at the staging area, there was no other inmate present. Ex. E, Romero Dep. Tr. 14:10.

19. Plaintiff testified that he was provided with medical attention after Dawson stabbed in in the forearm on October 25, 2012. Ex. B, Conwell Dep. Tr. 75: 14-17.

20. Malloy testified that he contact medical staff on October 25, 2012. Ex. G, Malloy Dep. Tr. 11: 10-11.

21. Plaintiff testified that he received medical care 35 to 45 minutes after the October 25, 2012 incident. Ex. B, Conwell Dep. Tr. 75: 20.

22. Plaintiff did not need a blood transfusion after the October 25, 2012. Ex. B, Conwell Dep. Tr. 76: 3.

23. Plaintiff admitted that Wiggins and Bowens were not involved in the October 25, 2012 incident. Ex. B, Conwell Dep. Tr. 79: 4-5.

24. Plaintiff admits he never had any physical confrontation with detainee Dawson prior to their altercation on October 25, 2012. Ex. B, Conwell Dep. Tr. 65:14-17.

25. Although Dawson may have threatened him verbally, Plaintiff never felt the need to report these threats to any Correctional Officers personally. Ex. B, Conwell Dep. Tr. 47:6-11.

26. It was not until the day of the incident on October 25 did Plaintiff specifically tell Defendant Officers Romero, Chapman, and Malloy about his issues with Dawson. Ex. B, Conwell Dep. Tr. 49:8-11, 52:20-1, 53:1-24, 54:1-3, 58:23-59:6, 63:3-6; Ex. E, Romero Dep. Tr. 5:21-6:5, 9:8-20; Ex. G, Malloy Dep. Tr. 8:9-12.

27. Plaintiff alleges that on December 13, 2012, Defendant Rooney and two other correctional officers used excessive force against him by forcing him into a squad car at Stroger Hospital. Ex. A, ¶¶ 95, 100.

28. Plaintiff alleges that he sustained a bloody nose, mouth, and cuts on his ankle from the December incident. Ex. A, ¶ 108.

29. Upon arriving at CCJ, Plaintiff alleges that Lt. Martinez and Eppes-Davis denied him medical care. Ex. A, ¶¶ 114, 118.

30. At his deposition, Plaintiff testified that he thought it was Defendant Rooney, but he was not sure if it was Rooney or another officer with an R last name. Ex. B, Conwell Dep. Tr. 125: 6-8.

31. Plaintiff saw a medical professional an hour after returning to CCJ, and she examined him and took his vitals. Ex. B, Conwell Dep. Tr. 135: 4-9; 7-13.

32. Plaintiff does not know the medical professional's recommendation for treatment. Ex. B, Conwell Dep. Tr. 135: 20.

33. Plaintiff asserts that Defendant Hudik failed to investigate his grievances regarding the December 13, 2012. Ex. A, ¶ 123.

34. Plaintiff alleges that he filed over thirty-five grievances on Defendants Hudik, Koch, and Begley for violating his constitutional rights. Ex. A, ¶ 141; Ex. B, Conwell Dep. Tr. 138:11-19, 140:8-20, 145:23-146:12.

35. Plaintiff contends he was deliberately placed in segregation by defendant Hudik on or around March of 2013 in retaliation to Plaintiff writing numerous grievances against Hudik and his correctional staff.

36. On or about May 23, 2013, Defendant Begley removed contraband shoes from Plaintiff cell. Ex. F, Begley's Dep. Tr. 5:9-15.

37. CCJ has a policy that street shoes cannot be worn unless the detainee has a prescription for them. Ex. F, Begley's Dep. Tr. 5:13-16.

38. Plaintiff did not have a prescription for street shoes. Ex. F, Begley's Dep. Tr. 5:13-16.

39. Plaintiff alleges that on July 22, 2013, he was assaulted when Inmate Dawson spit on him. Ex. A, ¶ 128.

40. Defendants Begley and Kolnicki allegedly failed to respond to the July 2013 incident. Ex. A, ¶¶ 127, 129.

41. According to Plaintiff, immediately before the July 22, 2013 incident, inmate Dawson was watching television in the dayroom and eased up to Plaintiff's door suddenly spitting on him. Ex. A, ¶ 128.

42. When Dawson spit on Plaintiff, Defendant Kolnicki was not present. Defendant Kolnicki, the supervising officer, responded to the incident. Ex. B, Conwell Dep. Tr. 86: 23; 87: 14-18.

43. Plaintiff alleges in July 2012, that his cell was cold, had a leaky toilet, and no hot water. Ex. B, Conwell Dep. Tr. 140: 1-2; 22. Plaintiff also says rodents such as cockroaches "running around." Ex. B, Conwell Dep. Tr. 138:15-141:5, 145:12-146:3, 147:2-22.

44. Plaintiff alleges on October 10, 2013, Defendant Begley made him use detainee Miller's phone and detainee Miller attacked him. Ex. A, ¶¶ 142, 144.

45. Plaintiff testified that he did not have any problems with inmate Miller prior to October 10, 2013. Ex. B, Conwell Dep. Tr. 89: 8-10; 94:107.

46. Five minutes after Defendant Begley left Plaintiff in inmate Miller's cell, Miller threatened him. Ex. B, Conwell Dep. Tr. 93: 7-8.

47. Defendant Begley remembers Plaintiff and Miller were friendly. Ex. F, Begley's Dep. Tr. 7:6-8.

48. Defendant Begley was not aware of any order that would separate them. Ex. F, Begley's Dep. Tr. 7:15-20.

49. Defendant testified that he yelled out he needed medical attention, but he did not directly inform Defendants Begley and Hudik about his request. Ex. B, Conwell Dep. Tr. 104:11-14.

50. Grievance forms are given to a social worker assigned to the tier, and even supervisory officers do not know exactly what the next steps might be. Ex. H, Hudik's Dep. Tr. 7:1-21.

51. Plaintiff did not suffer any ill-health or sickness as a result of the conditions in his cell. Ex. B, 141:23-142:3

52. Plaintiff's Complaint claims he complained to Defendant Officers Hudik, Koch, and Begley about the conditions of his cell. Ex. A ¶¶ 131-134, 136-138).

53. At his Deposition, Plaintiff only talked about the many grievances he filed, and did not describe any conversations or interactions with a Defendant. Ex. B, Conwell Dep. Tr., 138:11-19, 140:8-20, 145:23-146:12.

54. Plaintiff filed a grievance on March 15, 2012 about the conditions of his cell. None of the named Defendants signed this grievance, the only one Defendants could locate regarding Plaintiff's cell. Ex. I, Plaintiff's March 15, 2012 Grievance No. 2012-4427

55. Commander Hudik testified that he never received a complaint from facilities management that Plaintiff lacked hot water. Ex. H, Hudik's Dep. Tr., p. 8:17-9:4.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

/s/ *Megan K. McGrath*
Megan K. McGrath
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5967

/s/ *David Lee Bonner*
David Lee Bonner
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-2721