# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD CONWELL (#2012-0907-038)<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF COOK, N. BOWENS (BADGE #219), JENNIFER JEFFERSON (#9068), WILLIAM BAKER (#8310), JOSE TISCARENO (#9521), M. OLAVARRIA (#9473), RAMONITA PEREZ (#8466), R. ROMERO (#8802), JIMMY CHAPMAN, JOHN MALLOY, COMMANDER HUDIK, ROONEY,<br><br>Defendants. | ) | No.: 2012-cv-10062 |

## JOINT PROPOSED PRETRIAL ORDER

This matter having come before the court pursuant to Fed. R. Civ. P. Rule 16, and:

James T. Newman
120 N. LaSalle St., 30th Floor
Chicago, IL 60602
(312) 236-6166

having appeared as counsel for Plaintiffs and

Megan K. McGrath
John Power
Cook County State's Attorney's Office
50 West Washington Street, Room 500
Chicago, IL 60602
Tel.: (312) 603-5967

having appeared as counsel for defendants, the following actions were taken:

(1) This is an action for violation of constitutional rights, and jurisdiction of the court is invoked under 28 USC § 1331, 28 USC § 1343 and 42 USC § 1983. Jurisdiction is not disputed.

(2) The following stipulations and statements were submitted and are attached to and made a part of this Order:

(a) Comprehensive stipulation or statement of all uncontested and contested facts;

(b) Agreed short description of case to be read to jury;

(c) Parties' exhibits;

(d) List of names of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list;

(e) List of all depositions and designated page numbers and line numbers, to be read into evidence and statements of any objections thereto;

(f) Itemized Statement of Damages;

(g) For a jury trial, each party provides the following:

(i) trial briefs except as otherwise ordered by the court;

(ii) one set of marked proposed jury instructions, verdict forms and special interrogatories, if any; and

(iii) a list of the questions the party requests the court to ask prospective jurors in accordance with Fed.R.Civ.P. 47(a);

(h) Discovery in this case is closed. Absent good cause shown, no further discovery shall be permitted; and

(i) Subject to full compliance with all procedural requirements of Rule 37(a)(2), a brief summary of intended motions in limine. Any briefs in support of and responses to such motions shall be filed as directed by the court.

(1) Trial of this case is expected to take 4 days. It will be listed on the trial calendar, to be tried when reached.

(2) [ X ] Jury [ ] Non-Jury

(3) The parties recommend that 12 jurors be selected at the commencement of the trial.

(4) The parties agree that the issues of liability and damages should not be bifurcated for trial. On motion of any party or on motion of the court, bifurcation may be ordered in either a jury or a non-jury trial.

(5) The parties do not consent to this case being reassigned to a magistrate judge for trial.

(6) This Order will control the course of the trial and may not be amended except by consent of the parties and the court, or by order of the court to prevent manifest injustice.

(7) Possibility of settlement of this case was considered by the parties.

Date: January 30, 2017

______________________________
The Honorable Ruben Castillo
United States District Judge

______________________________
Attorney for Plaintiff

______________________________
Attorney for Defendant

**Schedule (a)**

## Comprehensive Stipulation or Statement of all Uncontested Facts

Plaintiff's Proposed Stipulated Facts

| | Stipulation/Statement | Contested? |
|---|---|---|
| 1. | Donald Conwell was a detainee at Cermak Hospital within the Cook County jail during the time of the events complained of, specifically from 2011 through 2012 | No |
| 2. | The individual defendants herein worked at Cook County jail at some time during the period from 2011 through 2012. | No |
| 3. | Cermak Hospital is used for detainees with medical problems. | No |

Defendants' Proposed Stipulated Facts

| | Stipulation/Statement | Contested? |
|---|---|---|
| 1. | Donald Conwell was a detainee at Cook County Jail in 2012, when all of the events in this case occurred | No |
| 2. | Conwell was housed in Cermak Hospital at Cook County Jail. | No |
| 3. | The individual Defendants worked at Cook County Jail in 2012 | No |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONALD CONWELL (#2012-0907-038)<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF COOK, N. BOWENS (BADGE #219), JENNIFER JEFFERSON (#9068), WILLIAM BAKER (#8310), JOSE TISCARENO (#9521), M. OLAVARRIA (#9473), RAMONITA PEREZ (#8466), R. ROMERO (#8802), JIMMY CHAPMAN, JOHN MALLOY, COMMANDER HUDIK, ROONEY,<br><br>Defendants. | ) | No.: 2012-cv-10062 |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

Members of the jury, you have seen and heard all evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

1.01 Functions of the Court and Jury
Plaintiff's instruction No. 1
7th Circuit Federal Civil Jury Instructions

In this case, Defendant, County of Cook, is a municipal corporation. All parties are equal before the law. A municipal corporation is entitled to the same fair consideration that you would give any individual person.

1.03 All Litigation Equal Before the Law
Plaintiff's instruction No. 2
7th Circuit Federal Civil Jury Instructions

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements, interim statements, and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

1.06 What Is Not Evidence
Plaintiff's instruction No. 3
7th Circuit Federal Civil Jury Instructions

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impression of each juror about the testimony.

1.07 Note - Taking
Plaintiff's instruction No. 4
7th Circuit Federal Civil Jury Instructions

The parties have stipulated, or agreed, that certain facts are true. You must treat these facts as having been proven for the purpose of this case.

Plaintiff's instruction No. 5

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

1.08 Consideration of All Evidence Regardless of Who Produced
Plaintiff's instruction No. 6
7th Circuit Federal Civil Jury Instructions

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

1.09 Limited Purpose of Evidence
Plaintiff's instruction No. 7
7th Circuit Federal Civil Jury Instructions

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In your lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

1.11 Weighing the Evidence
Plaintiff's instruction No. 8
7th Circuit Federal Civil Jury Instructions

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

1.12 Definition of "Direct" and "Circumstantial" Evidence
Plaintiff's instruction No. 9
7th Circuit Federal Civil Jury Instructions

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;
- the witness's memory;
- any interest, bias, or prejudice the witness may have;
- the witness's intelligence;
- the manner of the witness while testifying; and
- the reasonableness of the witness's testimony in light of all the evidence in the case.

1.13 Testimony of Witnesses (Deciding what to Believe)
Plaintiff's instruction No. 10
7th Circuit Federal Civil Jury Instructions

You may consider statements given by a party under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

1.14 Prior Inconsistent Statements
Plaintiff's instruction No. 11
7th Circuit Federal Civil Jury Instructions

You have heard evidence that Donald Conwell has been convicted of a crime. You may consider this evidence only in deciding whether Donald Conwell's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

1.15 Impeachment of Witness – Convictions
Plaintiff's Instruction No. 12
7th Circuit Federal Civil Jury Instructions

It is proper for a lawyer to meet with any witness in preparation for trial.

1.16 Lawyer Interviewing Witness
Plaintiff's Instruction No. 13
7th Circuit Federal Civil Jury Instructions

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

1.17 Number of Witness
Plaintiff's Instruction No. 14
7th Circuit Federal Civil Jury Instructions

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

1.18 Absence of Evidence
Plaintiff's Instruction No. 15
7th Circuit Federal Civil Jury Instructions

You must give separate consideration to each claim and each party in this case. Although there are twelve Defendants, COUNTY OF COOK, N. BOWENS (BADGE #219), JENNIFER JEFFERSON (#9068), WILLIAM BAKER (#8310), JOSE TISCARENO (#9521), M. OLAVARRIA (#9473), RAMONITA PEREZ (#8466), R. ROMERO (#8802), JIMMY CHAPMAN, JOHN MALLOY, COMMANDER HUDIK and ROONEY, it does not follow that if one is liable, the other is also liable. Likewise, it does not follow that if one is not liable, the other is also not liable.

Plaintiff's Instruction No. 16

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

1.27 Burden of Proof
Plaintiff's Instruction No. 17
7th Circuit Federal Civil Jury Instructions

When I use the expression "proximate cause," I mean cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

15.01 Proximate Cause - Definition
Plaintiff's Instruction No. 18
Illinois Pattern Jury Instructions (2006)

To succeed on his claim of failure to protect, Plaintiff must prove each of the following things by a preponderance of the evidence

1. Detainee Richard Brooks stuck Detainee Donald Conwell repeatedly;

2. N. Bowens was deliberately indifferent to the substantial risk of such an attack;

3. As a result of N. Bowen's conduct, Plaintiff was harmed;

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence, then you should find the Defendant, and you will not consider the question of the damages on Plaintiff's claim of failure to protect.

7.11 Eight and Fourteenth Amendments: Failure to Protect – Elements
Plaintiff's Instruction No. 19
7th Circuit Federal Civil Jury Instructions

When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of serious harm, and that Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it.

If Defendant took reasonable measures to respond to a risk, then he was not deliberately indifferent, even if Plaintiff was ultimately harmed.

7.14 Eighth and Fourteenth Amendments: Conditions of Confinement/Failure to Protect/Failure to Provide Medical Care – Definition of "Deliberately Indifferent"
Plaintiff's Instruction No. 20
7th Circuit Federal Civil Jury Instructions

To succeed on his claim of excessive use of force, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Defendant used force on Plaintiff;

2. Defendant intentionally used extreme or excessive cruelty toward Plaintiff for the purpose of harming him, and not in a good faith effort to maintain or restore security or discipline;

3. Defendant's conduct caused harm to Plaintiff;

In deciding whether Plaintiff has proved that Defendant intentionally used extreme or excessive cruelty toward Plaintiff, you may consider such factors as;

- the need to use force;
- the relationship between the need to use force and the amount of forced used;
- the extent of Plaintiff's injury;
- whether Defendant reasonably believed there was a threat to the safety of staff or prisoners;
- any effort made by Defendant to limit the amount of force used.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages on Plaintiff's claim of excessive use of force.

7.15 Eight Amendment: Excessive Force Against Convicted Prisoner – Elements
Plaintiff's Instruction No. 21
7th Circuit Federal Civil Jury Instructions

To success on his claim that Defendants retaliated against him, the Plaintiff must prove each of the following things by a preponderance of the evidence:

1. That Plaintiff exercised his First Amendment right to file a grievance and/or complaint against individual Defendants.

2. That Plaintiff suffered a deprivation likely to deter such activity.

3. That the First Amendment activity was at least a motivating factor in the decision to impose the deprivation.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff has failed to prove any of these things by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages on Plaintiff's claim of retaliation.

Hawkins v. Mitchell, 756 F. Supp. 983, 996 (7th Cir 2014)
Plaintiff's Instruction No. 21A
7th Circuit Federal Civil Jury Instructions

If you find that Plaintiff has proved any of his claims by a preponderance of the evidence, you must consider whether City of Chicago is also liable to Plaintiff. City of Chicago is not responsible simply because it employed Defendant officers. City of Chicago is liable if Plaintiff proves by a preponderance of the evidence that Defendant's conduct was a result of its official policy.

7.19 Liability of Municipality
Plaintiff's Instruction No. 22
7th Circuit Federal Civil Jury Instructions

When I use the term "official policy," I mean:

A custom of deliberate indifference and excessive force that is persistent and widespread, so that it is City of Chicago's standard operating procedure. A persistent and widespread pattern may be a custom even if City of Chicago has not formally approved it, so long as Plaintiff proves that a policy-making official knew of the pattern and allowed it to continue. This includes a situation where a policy-making official must have known about a subordinate's actions/failures to act by a virtue of the policy-making officials position.

7.20 Liability of Municipality Definition of "Official Policy"
Plaintiff's Instruction No. 23
7th Circuit Federal Civil Jury Instructions

If you find that Plaintiff has proved any of his claims against any Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove and of his claims, then you will not consider the question of damages.

7.22 Damages – Prefatory Instruction
Plaintiff's Instruction No. 24
7th Circuit Federal Civil Jury Instructions

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate him for any of the following elements of damages proved by the evidence to have resulted from the wrongful conduct of the defendants taking into consideration the nature, extend and duration of the injury and the aggravation of any pre-existing ailment or condition.

The disability experienced

The pain and suffering experienced as a result of the injuries,

The emotional distress experienced

Whether any of these elements of damages has been proved by the evidence is for you to determine.

3.10 Compensatory Damages
Plaintiff's Instruction No. 24A
7th Circuit Federal Civil Jury Instructions

You must give separate consideration to each claim and each party in this case. Although there are 12 defendants, it does not follow that if one is liable, any of the others is also liable.

1.25 Multiple Claims; Multiple Plaintiffs/Defendants
Plaintiff's Instruction No. 25
7th Circuit Federal Civil Jury Instructions

## VERDICT FORM A

We, the jury, find for Donald Conwell and against the following defendant or defendants:

| | | |
|---|---|---|
| County of Cook | Yes____ | No____ |
| N. Bowens (Badge #219) | Yes____ | No____ |
| Jennifer Jefferson (#9068) | Yes____ | No____ |
| William Baker (#8310) | Yes____ | No____ |
| Jose Tiscareno (#9521) | Yes____ | No____ |
| M. Olavarria (#9473) | Yes____ | No____ |
| Ramonita Perez (#8466) | Yes____ | No____ |
| R. Romero (#8802) | Yes____ | No____ |
| Jimmy Chapman | Yes____ | No____ |
| John Malloy | Yes____ | No____ |
| Commander Hudik | Yes____ | No____ |
| Rooney | Yes____ | No____ |

We further find the following:

We find that the total amount of damages suffered by Donald Conwell as a proximate result of the occurrence in question is $________________________________.

______________________________ ______________________________
Foreperson

______________________________ ______________________________

______________________________ ______________________________

______________________________ ______________________________

______________________________ ______________________________

______________________________ ______________________________

(h) (iii) Question for the Jury

Have you ever worked for the County of Cook?

Have you ever worked as a law enforcement officer?

Have any of your relatives or close friends ever worked in law enforcement?

Would any of these relationships keep you from being fair to both sides in this case?

If you find for the Plaintiff, would you have any problem with returning a substantial verdict for the Plaintiff?

(i) All Parties agree that discovery is complete, including depositions of experts. Absent good cause shown, no further discover shall be permitted.

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard to Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Plaintiff;
- the relationship between Plaintiff and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

7.24 Damages: Punitive
Plaintiff's Instruction No. 26
7th Circuit Federal Civil Jury Instructions

If you find in favor of Plaintiff, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained [and is reasonably certain to sustain in the future] as direct result of failure to protect and use of excessive force. These are called “compensatory damages.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and mental/emotional pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar.

7.23 Damages: Compensatory
Plaintiff's Instruction No. 27
7th Circuit Federal Civil Jury Instructions

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

1.32 Selection of Presiding Juror; General Verdict
Plaintiff's Instruction No. 28
7th Circuit Federal Civil Jury Instructions

We, the jury, find for Defendants on all counts and against Donald Conwell.

_______________________ _______________________

Foreperson

_______________________ _______________________

_______________________ _______________________

_______________________ _______________________

_______________________ _______________________

_______________________ _______________________

**Schedule (b)**

**<u>Plaintiff's proposed short description of case to be read to jury</u>**

During 2012 Donald Conwell was a detainee at Cook County jail. During that period he alleges he received injuries from beatings by inmates and guards at various times. He brings this action against certain guards, and medical personnel, alleging a violation of his constitutional right to be free of excessive force and summary punishment without due process of law.

The defendants deny that the occurrences alleged by plaintiff occurred in the manner alleged by the plaintiff.

**<u>Defendants' proposed short description of the case to be read to the jury</u>**

In 2012 Donald Conwell was a detainee at Cook County jail. During that period he alleges he received injuries from beatings by inmates and guards on four separate occasions: on February 6, 2012; March 12, 2012; October 25, 2012; and December 13, 2012. He brings this action against certain guards alleging a violation of his constitutional right to be free of excessive force, and claims these same individuals retaliated against him because of grievances he made about his treatment at Cook County Jail.

Defendants deny Plaintiff's allegations.

**Schedule (c)**
**<u>Exhibits</u>**

Plaintiffs' Exhibits

| Ex. # | Bates # | Description | Objection |
|---|---|---|---|
| 1 | | Records of Stroger Hospital 02/06/12 | Relevance/ Foundation / Hearsay |
| 2 | | Cook Couny Sheriff's Department of Corrections Memorandum 16 Oct. 2012 | Relevance/ Foundation / Hearsay |
| 3 | | Sheriff's Inmate Disciplinary Report 20 Oct. 2012 | Relevance/ Foundation / Hearsay |
| 4 | | Medical Evaluation-Physician's Report 7/20/10 | Relevance/ Foundation / Hearsay |
| 5 | | Medical Record of Metro South | Relevance/ Foundation / Hearsay |
| 6 | | U.S. Justice Department findings 12CV10062 | Relevance/ Foundation / Hearsay |
| 7 | | Agreed Order 5/13/10 US V. Cook County and Thomas Dart | Relevance/ Foundation / Hearsay |
| 8 | | Sheriff's order 23 May 2011 | Relevance/ Foundation / Hearsay |
| 9 | | Records of Stroger Hospital 10/25/12 | Relevance/ Foundation / Hearsay |
| 10 | | Cook County Sheriff's Incident and Report 12/27/12 | Relevance/ Foundation / Hearsay |
| 11 | | Inmate Grievance Form 10/25/12 | Relevance/ Foundation / Hearsay |
| 12 | | Inmate Grievance Form 8/30/12 | Relevance/ Foundation / Hearsay |

Defendants' Exhibits

| | Bates # | Description | Objection |
|---|---|---|---|

| Ex. # | | | |
|---|---|---|---|
| 1. | | People v. Conwell, Certified Statement of Conviction, 12CR0850901 | Relevance/ Foundation / Hearsay |
| 2. | CCSAO 127-129 | Plaintiff's Feb. 6, 2012 Disciplinary Report | Relevance/ Foundation / Hearsay |
| 3. | CCSAO 151-152 | Plaintiff's Oct. 25, 2102 Disciplinary Report | Relevance/ Foundation / Hearsay |
| 4. | CCSAO 299 | Plaintiff's March 12, 2012 Incident Report | Relevance/ Foundation / Hearsay |
| 5. | CCSAO 322-327 | March 12, 2012 Response to Resistance Reports | Relevance/ Foundation / Hearsay |
| 6. | CCSAO 328 | Officer Tiscareno Battery Report, March 12, 2012 | Relevance/ Foundation / Hearsay |
| 7. | CCSAO 329 | Officer Baker Battery Report, March 12, 2012 | Relevance/ Foundation / Hearsay |
| 8. | CCSAO 330 | Officer Baker Employee Accident Report, March 12, 2012 | Relevance/ Foundation / Hearsay |
| 9. | CCSAO 332 | Officer Tiscareno Witness Statement report, March 12, 2012 | Relevance/ Foundation / Hearsay |
| 10. | CCSAO 338 | March 12, 2012 Disciplinary Report and Finding of Facts | Relevance/ Foundation / Hearsay |
| 11. | CCSAO 340-342 | March 12, 2012 Incident and Supplementary Reports | Relevance/ Foundation / Hearsay |
| | | | |

**Schedule (d)**
**Witnesses**

Plaintiffs' Witnesses

| | Witness | Objection |
|---|---|---|
| 1. | Donald Conwell | |

Defendants' Witnesses

| | Witness | Objection |
|---|---|---|
| Will Call | Nathan Bowens | |
| | Rommel Romero | |
| | John Malloy | |
| | William Baker | |
| | William Rooney | |
| | Darnice Wiggins | |
| | Jimmy Chapman | |
| | Jennifer Jefferson | |
| | Jose Tiscareno | |
| | Miguel Olavarria | |
| | Ramonita Perez | |
| | Any medical treater found in Plaintiff's medical records | |
| | CCDOC Record Keeper | |
| | CCHHS Record Keeper | |
| May Call | Richard Smith | |
| | David Hudik | |
| | Regina Eppes-Davis | |
| | Carol Begley | |
| | Ronald Kolnicki | |

## Schedule (e)

**Stipulation or statement regarding qualification of each expert witness**

Plaintiffs' Expert(s)

N/A

Defendants' Expert(s)

N/A

**Schedule (f)**

**Depositions and designated pages numbers and line numbers to be read into evidence**

Plaintiffs

N/A

Defendants

Defendant Jennifer Jefferson, TBD after Defendants' Motion is decided

## Schedule (g)

## Itemized Statement of Damages

**Schedule (j)**
**<u>Intended Motion in Limine</u>**

**Plaintiffs' Motions**

**Defendants' Motions**

| | Motion | Objection |
|---|---|---|
| 1 | Motion in Limine to Bar any reference to the DOJ Letter, Agreed Order entered in 10 C 2946 (N.D. Ill), Consent Decree, and Subsequent Monitors' Reports | Yes |
| 2 | Motion in Limine to Bar Reference to Other Complaints, or Lawsuits Alleging Violations of Civil Rights or Other Incidents of Misconduct at Cook County Jail | Yes |
| 3. | Motion in Limine to Bar Reference to Claims and Parties Not Included in Plaintiff's' Complaint or having been dismissed via Summary Judgment | No |
| 4. | Motion in Limine to Exclude Reference to Indemnification by Cook County and Reference to Defense Counsel as "State's Attorneys" | Yes |
| 5. | Motion in Limine to Bar all Non-Party Witnesses from the Courtroom for Opening Statements and During Trial Testimony | No |
| 6. | Motion in Limine to Bar any Testimony of Evidence Concerning or Referring to Alleged Failures to Comply with CCDOC General Orders or Jail Procedures | Yes |
| 7. | Defendants Motion in Limine to Bar Testimony or Evidence Concerning How Defendants Train or Discipline Their Employees | Yes |
| 8. | Motion in Limine to Bar any Expert Testimony or Evidence Concerning or Related to Plaintiffs' Medical Condition or Medical Care | Yes |
| 9. | Motion in Limine to Bar Testimony or argument regarding permanency of any Injury Plaintiff Received during his incarceration at Cook County Jail | No |
| 10. | Motion in Limine to Bar Reference to Any psychological or Mental Injuries | No |
| 11 | Motion in Limine to Bar any Reference to the Americans with Disabilities Act | Yes |
| 12. | Motion in Limine to Admit Evidence of Plaintiff Conwell's Felony Conviction | Yes |
| 13. | Motion in Limine to Bar Attorneys from conferring or speaking with any witnesses about his or her trial testimony while that witness is still under oath to provide sworn testimony | Yes |
| 14. | Motion in Limine to Bar any Argument or Inference that Defendants Failed to Call any Witnesses | Yes |

**Schedule (k)**

**List of Questions for the Jury**

Plaintiff's Proposed Questions to the Jury

| | Question | Contested? |
|---|---|---|
| 1. | Have you ever worked for the County of Cook? | No |
| 2. | Have you ever worked as a law enforcement officer? | No |
| 3. | Have you any of your relatives or close friends ever worked in law enforcement? | No |
| 4. | Would any of these relationships keep you from being fair to both sides in this case? | No |
| 5. | If you find for the Plaintiff, would have any problem with returning a substantial verdict for the Plaintiff? | Yes to the word "substantial" |

Defendants Proposed Questions to the Jury

| | Question | Contested? |
|---|---|---|
| 1. | Have you or any close relatives ever been detained in Cook County Jail? | |
| 2. | Have you or any of your close relatives ever been the victim of excessive force at the hands of law enforcement? | |
| 3. | Do you have any opinions regarding how detainees are treated at Cook County Jail? If so, what? | |
| 4. | Have you ever sued Cook County or the City of Chicago? If so, when, and for what reasons? | |
| 5. | Are you or any close relatives physically disabled in any way? | |
| 6. | Have you or any close relative ever used a wheelchair? | |
| | | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 1, 2017 the foregoing

**Error! Reference source not found.**

was filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following counsel of record.


Megan K. McGrath
John Power
**Cook County State's Attorney's Office**
Richard J. Daley Center
50 West Washington Street, Room 500
Chicago, IL 60602
Tel.: (312) 603-5967 & (312) 603-4370
megan.mcgrath@cookcountyil.gov
John.power@cookcountyil.gov



James T. Newman
***Attorney for Plaintiffs***