**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DONALD CONWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 12 C 10062** |
| **v.** | ) | |
| | ) | **Chief Judge Rubén Castillo** |
| **COOK COUNTY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Donald Conwell ("Plaintiff") brings this action under 42 U.S.C. § 1983 against Cook County and numerous individual employees of Cook County Jail (collectively, "Defendants") alleging violations of his First, Eighth, and Fourteenth Amendment rights. (R. 88.) Plaintiff filed a motion for leave to file his proposed fourth amended complaint on January 27, 2017. (R. 142.) For the reasons set forth below, the motion is denied.

## BACKGROUND

This Court presumes familiarity with the facts of this case as outlined in its Memorandum Opinion and Order issued on November 9, 2016. *Conwell v. Johnsen*, No. 12 C 10062, 2016 WL 6661169 (N.D. Ill. Nov. 9, 2016). In short, the Court dismissed multiple claims against multiple defendants at the summary judgment stage while allowing the remaining claims to proceed against the remaining defendants. *Id.* The Court's order sets forth in detail which claims were dismissed and which claims remained. *Id.* at *24-25.

On December 21, 2016, Plaintiff filed a fourth amended complaint without seeking leave of the Court. (R. 137.) On January 20, 2017, Defendants moved that the Court enter this proposed complaint with the exception of parties who were previously dismissed in the Court's

November 2016 order, noting in particular that the proposed complaint appeared to abandon a retaliation claim that had survived summary judgment. (R. 139.) At a motion hearing held on January 25, 2017, Plaintiff's counsel advised the Court that the inclusion of previously dismissed defendants and the abandonment of the retaliation claim were inadvertent errors. Accordingly, the Court struck the proposed complaint and advised counsel to seek leave if he wished to submit a corrected complaint. (R. 141.) Plaintiff filed a motion for leave to file his fourth amended complaint on January 27, 2017, (R. 142), and filed the proposed amended complaint on January 30, 2017, (R. 144).

## LEGAL STANDARD

A motion for leave to file an amended complaint should be "freely" given "when justice so requires." FED. R. CIV. P. 15(a)(2). "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000) (citation omitted). However, denying leave to amend may be appropriate where there is a good reason, "such as undue delay, . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (citation omitted). "The decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (citation omitted).

## ANALYSIS

Plaintiff's proposed fourth amended complaint is not consistent with this Court's November 2016 Memorandum Opinion and Order, as it includes claims against many defendants

who have been previously dismissed from this case. While this Court understands that this case and its numerous claims and defendants can complicate tracking which claims survive, the Court notes that it carefully set forth an explanation of the dismissed and remaining claims in its previous order. *Conwell*, 2016 WL 6661169, at *24-25.

In particular, the Court notes that the proposed amended complaint improperly includes claims against four different John Doe officers, even though the Court dismissed these defendants. *See id.* at *25 ("[T]he Court dismisses without prejudice all of the unnamed John Doe Defendant Officers[.]"). It also includes claims against five named officers who were not properly served with a summons and a copy of the complaint: Brown (first name unknown), Johnson (first name unknown), Koch (first name unknown), Reyes (first name unknown), and Robinson (first name unknown). Of these, Koch and Johnson were dismissed by name in the Court's November 2016 order, while the others were dismissed as a group. *See id.* ("[T]he Court dismisses without prejudice . . . any Defendant Officers who were not properly served with a summons and a copy of the complaint."). The proposed amended complaint retains at least one additional claim on which summary judgment was granted to Defendants; namely, this Court granted Commander Hudik and Officer Begley's motion for summary judgment as to Plaintiff's conditions of confinement and retaliation claims. *Id.* at *24. Although not inconsistent with the Court's orders, it is also notable that the proposed amended complaint does not replead the retaliation claim that counsel stated had been unintentionally omitted.

Because Plaintiff's proposed fourth amended complaint is not consistent with this Court's previous rulings, the Court will not grant this motion to substitute a new complaint on the eve of trial. In light of Plaintiff's failure to produce a complaint that is compliant with this Court's orders, the Court declines to substitute this proposed fourth amended complaint so near to the

assigned trial date. There is no need for an amended pleading at this late stage; the Third Amended Complaint, (R. 88), will simply remain as the operative pleading.

## CONCLUSION

For the foregoing reasons Plaintiff's motion for leave to file his proposed fourth amended complaint (R. 142) is DENIED.

**ENTERED:**

**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: February 1, 2017**