IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD CONWELL, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 10062 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Ruben Castillo |
| COMMANDER J.K. JOHNSEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RULE 50(a) MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendants, Nathan Bowens, Rommel Romero, John Malloy, William Baker, William Rooney, Jennifer Leachman (formerly Jefferson), Jose Tiscareno, and Miguel Olavarria ("Defendants")[1], by their attorney, Kimberly M. Foxx, Cook County State's Attorney, through her Assistants, Megan K. McGrath and John Power, respectfully move the Court, pursuant to Federal Rule of Civil Procedure 50(a), for judgment as a matter of law based upon the evidence submitted in this trial. In support, Defendants state:

**INTRODUCTION**

At the close of his case in chief, Plaintiff has not presented sufficient evidence to allow any of his claims to go forward. Specifically, some of Plaintiff's claims against particular Defendants brought in the operative Third Amended Complaint fail for a complete lack of evidence. The Court has already dismissed Sergeant Wiggins, Officer Perez, and Officer Chapman based on oral Rule 50(a) motions and Plaintiff's failure to offer evidence against them. The shortcomings in Plaintiff's case in chief do not end there.

---

[1] Defendants Wiggins, Chapman and Perez were dismissed via an oral motion at the close of Plaintiff's case.

1

Plaintiff testified that Officer Rooney failed to intervene and stop other officers who were attacking him, but <u>not</u> that Rooney himself used any excessive force against Plaintiff. In his Third Amended Complaint, however, Plaintiff quite clearly says Rooney was an attacker. (Docket ("Dkt.") 88 at ¶ 107-109.) In contrast, the very next paragraph of Plaintiff's Third Amended Complaint alleges that Sergeant Johnson failed to intervene to stop the beating by Rooney and other officers. (Id. at ¶ 110.) Plaintiff knew how to make a failure to intervene claim, but the operative complaint makes no such claim against Officer Rooney. Plaintiff's case in chief offers no evidence of excessive force by Officer Rooney, so that claim against Rooney must be dismissed.

Alternatively, even if Plaintiff met his burden to support a claim against Officer Rooney, he failed to identify Officer Rooney to the jury, a failure he repeated with, at least, Officers Malloy, Romero, Olavarria and Lieutenant Bowens. Plaintiff may have "named names," but he made no in-court identification of which Defendant was which. Indeed, Defendants contend that Plaintiff made no in-court identification of any particular Defendant, and he certainly made no effort to pick out Officers Rooney, Malloy, Romero, Olavarria, and Lieutenant Bowens from among the group. Plaintiff's fundamental failure to identify his alleged tormentors leaves the jury unable to find that these individuals did anything wrong.

As to Plaintiff's retaliation claim, Plaintiff did not adduce any evidence to support his retaliation claim against any Defendant. Finally, as to all Defendants, the quantum of evidence put forward by Plaintiff is simply insufficient to carry his burden of proof. A reasonable fact-finder could not find any of these Defendants liable, and under Federal Rule of Civil Procedure 50(a), this Court should enter judgment as a matter of law for them.

## LEGAL STANDARD

Federal Rule of Civil Procedure 50(a) states:

Judgment as a Matter of Law.

(1) *In General.* If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:

(A) resolve the issue against the party; and

(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

(2) *Motion.* A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

Fed. R. Civ. P. 50(a). Under Rule 50(a), "the district court must enter judgment if, under the governing law, a reasonable fact-finder could not find for the nonmoving party." *Shields Enterprises, Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992). That is precisely the case here—based upon the evidence in the record, a reasonable fact-finder cannot not find for Plaintiff.

## ARGUMENT

Three Defendants, Officer Perez, Officer Chapman, and Sergeant Wiggins, were already dismissed from this case pursuant to Rule 50(a). The Court gave Defendants leave to file a written Rule 50(a) motion regarding their oral motion for Officer Rooney. In doing so Defendants believe judgment should be entered for other individuals and claims. As stated

above, pursuant to Rule 50(a), judgment should be entered in Defendants' favor for additional individuals and claims.

**1.      Officer Rooney and Lieutenant Bowens.**

In Plaintiff's operative Third Amended Complaint, he accuses Officer Rooney of using excessive force against him. In paragraph 106, Plaintiff alleges Officer Rooney was one of several officers who deliberately attacked Plaintiff with closed fists. In every paragraph describing the "attack," Officer Rooney is listed as an aggressor Dkt. 88 at ¶¶107-109. By contrast, Plaintiff specifically claims that a Sergeant Johnson "stood there watching Plaintiff Mr. Conwell get beat by his subordinate officers, and just watch and laugh. Defendant Sergeant Johnson deliberately failed to intervene." Dkt. 88 at ¶110. No such allegation of failure to intervene is made against Officer Rooney.

From the witness stand, however, Plaintiff testified that Officer Rooney merely watched the purported attack, and it was his partner who was the aggressor. Plaintiff's testimony does not support a claim of excessive force, and a jury could not return a verdict against Officer Rooney.

Similarly, Plaintiff's Third Amended Complaint alleged that Lieutenant Bowens was involved in both the February 6, 2012, and October 25, 2012 incidents. Dkt. 88 at ¶ 46, 85. Plaintiff, however, provided no evidence during his case in chief regarding anything Lieutenant Bowens may have done or failed to do regarding the October 25, 2012 incident, just as Plaintiff failed to do with Sergeant Wiggins. A jury could not return a verdict based on any claims against Lieutenant Bowens related to the October 25, 2012 incident.

The jury does not have a legally sufficient evidentiary basis to find for Plaintiff on these issues. Judgment should be entered for Officer Rooney and Lieutenant Bowens.

2. **Plaintiff Failed to Specifically Identify Particular Defendants.**

Additionally, although Plaintiff made cursory references to some Defendants, he failed to identify Officers Rooney, Malloy, Romero, Olavarria and Lieutenant Bowens in Court. Arguably, Plaintiff pointed towards some of the Defendants sitting at Counsel's table. But Plaintiff offered no evidence of who Officers Rooney, Malloy, Romero, Olavarria, or Lieutenant Bowens are. Indeed, Plaintiff added to the confusion by repeatedly saying "they" without identifying who he was talking about, or referencing which particular Defendants were involved in which incidents.

No reasonable juror could find for Plaintiff that the above Defendants did anything wrong when Plaintiff failed to even identify those individuals for the jury, or to specify what constitutionally tortious actions they took. Judgment should be entered for all Defendants, or at the very least for Officers Rooney, Malloy, Romero, Olavarria, and Lieutenant Bowens.

3. **Plaintiff Did Not Present Any Evidence to Support His Retaliation Claim.**

To make out a claim for retaliation, Plaintiff must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation. *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014.)

At Plaintiff's deposition, he admitted that he did not have any evidence that the Defendants retaliated against him.

> Q. Do you have any evidence that they passed
> words amongst each other about your grievances from
> 2007?
> A. Evidence? Let me think. Not at this time.
> Q. Okay. How did they retaliate against you
> from the time you got put back in Cook County Jail

> after the Chicago police arrested you in 2011?
> A. Falsifying statements about me telling people I was a rapist and all type of stuff and lying on me, saying I was locked up for rapes and I was a snitch. That's what made me originally put in for protective custody because I was scared of being in the open environment in a dormitory like that.
> Q. Do you have any evidence that any of these defendants you've named in this lawsuit did any of those things you just testified to?
> A. No.

(Dkt. 115-2, Conwell Dep. Tr. 151:23-152:15.)

In his case in chief at trial, Plaintiff similarly failed to offer any evidence that any Defendant retaliated against him because of any protected First Amendment activity. Plaintiff made reference to filing numerous grievances, but never actually identified any Defendant against whom he had done so. Just as noted above, Plaintiff repeatedly testified that "they" or "all of them" knew about his grievance habit, but never testified that he filed a grievance specifically against each Defendant. Further, Plaintiff did not proffer any testimony that these Defendants in particular knew about his purported "reputation" for filing grievances.

Arguably, Plaintiff suggested that Officer Tiscareno retaliated against him. However, Plaintiff also made it clear that any retaliation was not because of First Amendment activity. Rather, Plaintiff indicated that, following the March 12, 2012, altercation in which Plaintiff claims he was assaulted by Officer Tiscareno, Tiscareno egged on other detainees. If anything, Plaintiff argued that it was that incident, not any grievance or First Amendment activity, that caused Officer Tiscareno to retaliate. Plaintiff offered no evidence in his case in chief to suggest that Officer Tiscareno was even aware of any grievances the Plaintiff may have filed about him. In fact, Plaintiff offered no grievances at all into evidence.

The jury does not have a legally sufficient evidentiary basis to find for Plaintiff on his retaliation claim as to all Defendants. Judgment should be entered for Defendants on Plaintiff's retaliation claim.

**4.  Plaintiff Has Not Presented Sufficient Evidence To Meet His Burdens.**

As discussed above, Plaintiff has failed to provide sufficient evidence to move forward with his retaliation claim. For Plaintiff to prevail on this claim for failure to protect, he must show by a preponderance of the evidence that: (1) he was exposed to a grave risk of being attacked while detained at the Cook County Jail; and (2) that each Defendant was aware of a substantial risk of Plaintiff being attacked but nevertheless failed to take appropriate steps to protect him, and (2) that Plaintiff was harmed as a result of Defendants' conduct. Modified Pattern Instruction 7.11

For Plaintiff to prevail on a claim of excessive force, he must show each of the following things by a preponderance of the evidence: (1) Defendant used unreasonable force against Plaintiff; (2) Because of Defendant's unreasonable force, Plaintiff was harmed; (3) Defendant acted under color of law.

Plaintiff has not offered sufficient evidence for a reasonable juror to conclude that Lieutenant Bowens was deliberately indifferent to a serious risk, failed to take reasonable steps to protect him, and that Lieutenant Bowens' actions caused harm to Plaintiff.

As to the March 12, 2012 incident, Plaintiff has failed to offer sufficient evidence for a reasonable juror to conclude that Sergeant Baker, Officer Leachman (formerly Jefferson), Officer Tiscareno, or Officer Olavarria, used excessive force against him. That is especially true in light of the fact that Plaintiff was convicted of battery to Sergeant Baker as a result of this

7

incident, although Plaintiff continued to deny he actually committed a battery in contravention of *Heck v. Humphrey*, 512 U.S. 477 (1994).

For the October 25, 2012 incident, as discussed above, Plaintiff has not offered any evidence for a reasonable juror to conclude that Lieutenant Bowens was even aware of the incident, let alone deliberately indifferent. Moreover, Plaintiff has not offered sufficient evidence for a reasonable juror to conclude that Officer Romero or Officer Malloy was deliberately indifferent to a serious risk, failed to take reasonable steps to protect him, or that they caused harm to Plaintiff. Plaintiff has offered no proof that Officers Romero and Malloy knew of any keep-separate order for himself and detainee Dawson. While Plaintiff testified that a keep-separate order was visible on his tier, he never testified that Officer Romero or Officer Malloy was assigned to that tier. Plaintiff places Officer Malloy in a "staging area," and never testified that the keep-separate order was posted in this part of Cermak. Further, Plaintiff did not testify that Officers Malloy or Romero were in position to see or hear the order when it was allegedly read at roll calls.

Plaintiff did testify that Officer Romero delivered Plaintiff to the staging area, and when informed of Plaintiff's concern about Dawson, told Plaintiff to ask to speak to a white shirt if he had concerns—exactly what Romero should have done. Similarly, Plaintiff testified that there were lots of officers present when Dawson allegedly attacked him—Plaintiff has offered no evidence to suggest Officer Malloy had reason to suspect Plaintiff was exposed to harm if lots of other officers were present.

As to all Defendants and all claims, Plaintiff has simply not met his burdens, and no reasonable juror could find for the Plaintiff.

## **Conclusion**

WHEREFORE Defendants, for the foregoing reasons, request that this Honorable Court grant Defendants' judgment as a matter of law based upon the evidence submitted in this trial, along with fees and costs.

Respectfully Submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

/s/ *Megan K. McGrath*
Megan K. McGrath
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-5967

/s/ *John Power*
John Power
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-4370